**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| TED PAPAS; ARCADIA ENTERPRISES, INC., an Oregon corporation; DOWNTOWN DELI AND GREEK CUSINA, an Oregon corporation, AKA Downtown Delicatessen, Inc., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CHARLES RANDALL (RANDY) LEONARD; CITY OF PORTLAND, an Oregon municipal corporation, <br><br> Defendants - Appellees. | No. 12-35467 <br><br> D.C. No. 3:10-cv-00550-BR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted November 8, 2013[**]
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs-Appellants (Plaintiffs) appeal from the district court's order granting Defendants-Appellees' (Defendants) motion for summary judgment. On appeal, Plaintiffs challenge the district court's conclusions that they: (1) failed to state a cognizable equal protection claim; (2) failed to produce evidence demonstrating that Defendants engaged in First Amendment retaliation; and (3) failed to produce evidence demonstrating that Defendants intentionally interfered with Plaintiffs' economic relations, in violation of Oregon law. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

Plaintiffs argue that Defendants subjected them to disparate treatment as a "class-of-one," in violation of the Equal Protection clause. Nonetheless, Plaintiffs' allegedly disparate treatment was the result of discretionary decisionmaking, and the "class-of-one" theory is not cognizable with regard to discretionary actions. *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (citing *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008)).

With regard to Plaintiffs' First Amendment claim, Plaintiffs failed to produce evidence showing that a desire to chill speech was the but-for cause of Defendants' allegedly retaliatory conduct. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900–01 (9th Cir. 2008). Absent such causal evidence, Plaintiffs' First Amendment claim fails.

Finally, Plaintiffs cannot demonstrate that Defendants intentionally interfered with Plaintiffs' economic relations, because Plaintiffs failed to produce evidence that Defendants acted through improper means or with an improper motive. *See Nw. Natural Gas Co. v. Chase Gardens, Inc.*, 982 P.2d 1117, 1123–24 (Or. 1999).

For the foregoing reasons, the district court properly granted Defendants-Appellees' motion for summary judgment.

**AFFIRMED.**